UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD D. THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security[1],<br><br>　　　　Defendant. | No. 2:18-cv-1903 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge erred by finding plaintiff at fault for an overpayment of benefits.

////

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 13.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

Plaintiff began receiving Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") in 2000. (Transcript ("Tr.") at 13.) On May 1, 2012, Social Security charged plaintiff with an overpayment of $172,844.50. (Id. at 17-20.) On June 8, 2013, plaintiff requested a waiver of the overpayment. (Id. at 17, 35-40.) On July 11, 2013, plaintiff's request was denied. (Id. at 44-45.)

Plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on February 12, 2014. (Id. at 268-313.) Plaintiff was represented by counsel and testified at the hearing. (Id.) In a decision issued on July 23, 2014, the ALJ denied plaintiff's request for a waiver. (Id. at 16.) The ALJ entered the following findings:

> 1. The claimant was overpaid benefits in the amount of $171,120.60 during the period July 15, 2002 to December 15, 2011 (20 CFR 404.504).
>
> 2. The claimant was at fault in causing the overpayment (20 CFR 404.506(a), 404.507, and 404.510a).
>
> 3. Recovery of the overpayment is not waived, and the claimant is liable for repayment of $171,120.60 during the period July 15, 2002 to December 15, 2011 (20 CFR 404.506).

(Id. at 14-16.)

On May 8, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's July 23, 2014 decision. (Id. at 2-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 6, 2018. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

## APPLICATION

Plaintiff's motion argues that plaintiff was not at fault for the overpayment at issue. (Pl.'s MSJ (ECF No. 16) at 14.[3]) Pursuant to the version of 42 U.S.C. § 404 applicable at the time of the ALJ's decision:

> With respect to payment to a person of more than the correct amount, the Commissioner of Social Security . . . shall require such overpaid person . . . to refund the amount in excess of the correct amount . . . or shall obtain recovery by means of reduction in tax refunds[.]

42 U.S.C. § 404(a)(1)(A) (2009). "[T]he Commissioner bears the burden of proving the fact and amount of overpayment." McCarthy v. Apfel, 221 F.3d 1119, 1124 (9th Cir. 2000).

However, there shall be no recovery from "any person who is without fault if such . . . recovery would defeat the purpose" of the Act. 42 U.S.C. § 404(a)(2)(b) (2009); see also Quinlivan v. Sullivan, 916 F.2d 524, 526 (9th Cir. 1990) ("The Social Security Act provides for waiver of overpayments if (1) a claimant is without fault in receiving the payment and (2) requiring repayment would either defeat the purposes of Title II or would be against equity and good conscience."). "Fault may be found if the recipient: (1) makes a statement which he knows or should have known to be incorrect; (2) fails to furnish information which he knows or should have known to be material; or (3) accepts a payment which he knew or could have been expected to know was incorrect." Harrison v. Heckler, 746 F.2d 480, 482 (9th Cir. 1984).

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Here, the ALJ found that plaintiff was at fault for causing the overpayment. (Tr. at 16.) The ALJ supported this finding by stating:

> The claimant has been his own payee for Social Security disability benefits. He had full ability to contact Social Security as soon as he knew he was to be incarcerated. He had the ability to contact Social Security once he was incarcerated and it was his sole responsibility to notify Social Security that he was incarcerated. He had the ability to contact family members (e.g., his Daughter), and Bank of America once he was incarcerated. Thus, he had the ability and responsibility to contact Social Security to ensure that his benefits had been stopped.

(Id.)

The ALJ's conclusory analysis sharply contrasts with the ambiguity of the dispute at hand. In this regard, it appears that plaintiff had "been receiving social security disability insurance benefits since March 1, 2000"—although even the exact date, amount, and type of benefits received is uncertain. (Tr. at 13, 272-73; Pl.'s MSJ (ECF No. 16) at 2.) In July of 2002, plaintiff was incarcerated and remained incarcerated until December of 2011. (Tr. at 15, 271-72.) As explained by the ALJ at the February 12, 2014 hearing, "once you're incarcerated, benefits [are] supposed to stop." (Id. at 274.) And plaintiff was told as much by the "prosecutor." (Id. at 272.) But that did not happen here.

Instead, apparently plaintiff continued to received benefits—although the record does not contain the address or bank to which the checks were deposited or a copy of an endorsed check from this period. (Pl.'s MSJ (ECF No. 16) at 4; Tr. at 54). However, not only was plaintiff incarcerated during period, but according to plaintiff's testimony his bank account was operated jointly with a now former spouse. (Tr. at 277-78.) Plaintiff alleges that he wrote the bank requesting information as to the account balance, but the bank informed him it was against their "regulations" to disclose that information to a prisoner. (Id. at 287.) Nor could plaintiff close the account from prison. (Id. at 294.)

Plaintiff, however, could open a new account. And plaintiff did so, opening a new bank account solely in plaintiff's name in 2005. (Id. at 294-95.) Plaintiff provided a letter from the bank in support of this testimony. (Id. at 91.) At this time plaintiff was aware he was receiving monthly deposits as a result of military and civilian retirement benefits and plaintiff arranged for

4

those deposits to be made directly into the new bank account held solely in plaintiff's name. (Id. at 295-97.) But because plaintiff was not aware that social security benefits were still being deposited into the joint account, plaintiff did not request that the bank transfer those deposits to plaintiff's new account. (Id. at 301.)

The ALJ did not discredit plaintiff's testimony. To the contrary, at the February 12, 2014 hearing, the ALJ stated:

> To be honest with you, I was really skeptical as to how someone, all these years, would not know what their account was. But what you're telling me now, and with you providing my (sic) information, makes sense, okay? So, you've established credibility with me, and that was a major, major thing because I was very, very skeptical. But, to me, I would be very concerned about: one your wife basically stole money from you that shouldn't have been yours, but you didn't know, should have been social security, she was using that money for her own purposes and then took advantage of you.

(Id. at 304-05.) This conclusion is consistent with a letter produced by plaintiff dated January 30, 2011, from plaintiff's daughter informing plaintiff that while the "account . . . in [plaintiff's] name alone" had a balance of $76,592.45, the "joint checking account" had a balance of $3.50.[4] (Id. at 89.)

Despite this credibility determination, the ALJ's opinion found that plaintiff was at fault for causing the overpayment. (Tr. at 16.) But in support of this finding the ALJ did not cite to any evidence of record. And the earliest evidence cited by the ALJ's opinion is the May 1, 2012 letter notifying plaintiff of the overpayment. (Id. at 15.)

The court would expect more evidence in support of an order demanding payment of $172,844.50. Such evidence might include any or all of the following. Evidence establishing the exact nature and amount of the benefits plaintiff was receiving. Evidence establishing that plaintiff regularly received those benefits. Evidence establishing where those benefits were deposited. If the benefits were paid by check, any endorsed checks during the period of time at issue. Evidence that plaintiff was informed it was plaintiff's duty to contact Social Security as soon as he was incarcerated. Here, however, the ALJ has cited to no such evidence.

---

[4] The $76,592.45 balance appears consistent with plaintiff's monthly civilian and military retirement benefits. (Tr. at 302.)

5

Therefore, the court cannot find that the ALJ's decision was supported by substantial evidence. Accordingly, plaintiff's motion for summary judgment is granted.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the absence of evidence noted above, the court cannot find that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 17) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: March 24, 2020

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\thomas1903.ord